1  ROGER L. COOK (State Bar No. 55208)
   rlcook@townsend.com
2  RUSSELL C. PETERSEN (State Bar No. 264245)
   rcpetersen@townsend.com
3  TOWNSEND AND TOWNSEND AND CREW LLP
   Two Embarcadero Center Eighth Floor
4  San Francisco, CA  94111
   Telephone:  (415) 576-0200
5  Facsimile:  (415) 576-0300

6  IRIS SOCKEL MITRAKOS (State Bar No. 190162)
   ismitrakos@townsend.com
7  TOWNSEND AND TOWNSEND AND CREW LLP
   12730 High Bluff Drive, Suite 400
8  San Diego, CA  92130
   Telephone:  (858) 350-6100
9  Facsimile:  (858) 350-6111

10 Attorneys for Garmin Corporation,
   Garmin International, Inc., and Garmin USA, Inc.

11 RACHEL KREVANS (CA SBN 116421)
   RKrevans@mofo.com
12 CHARLES S. BARQUIST (CA SBN 133785)
   CBarquist@mofo.com
13 SCOTT C. MOORE (CA SBN 203181)
   SMoore@mofo.com
14 MORRISON & FOERSTER LLP
   555 West Fifth Street
15 Los Angeles, California  90013-1024
   Telephone: 213.892.5200
16 Facsimile: 213.892.5454

17 Attorneys for Defendant Sling Media, Inc.

18                    UNITED STATES DISTRICT COURT

19               FOR THE CENTRAL DISTRICT OF CALIFORNIA

| 20 | Nazomi Communications, Inc., | Case No. SA CV10-00151 DOC (RNBx) |
|---|---|---|
| 21 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GARMIN AND SLING MEDIA'S MOTION TO DISMISS CLAIMS OF INDIRECT INFRINGEMENT AND WILLFUL INFRINGEMENT** |
| 22 | v. | |
| 23 | Nokia Corporation, Nokia Inc., Microsoft Corporation, Amazon.com, Inc., Western Digital Corporation, Western Digital Technologies, Inc., Garmin, Ltd., Garmin Corporation, Garmin International, Inc., Garmin USA, Inc., Sling Media, Inc., VIZIO, Inc., Iomega Corporation, | |
| 24 | | Date:     September 20, 2010 |
| 25 | | Time:     8:30 am |
| 26 | | Ctrm.:    9D |
|    | | Judge:    Hon. David O. Carter |
| 27 | Defendants. | |
| 28 | | |

Defendants Garmin Corporation, Garmin International, Inc., and Garmin USA, Inc. (collectively, "Garmin"), and Sling Media, Inc. ("Sling") submit this memorandum of law in support of their motion to dismiss Plaintiff Nazomi's claims of indirect infringement and willful infringement against Garmin and Sling for failure to state a claim for relief, pursuant to Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

Nazomi's complaint fails to plead sufficient facts to state a claim for relief that is plausible on its face, as required by Rule 8(a) of the Federal Rules of Civil Procedure and the U.S. Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 167 L.Ed. 2d 929, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, -- U.S. --, 173 L.Ed. 2d 868, 129 S.Ct. 1937 (2009). In particular, Nazomi's complaint is completely devoid of any factual allegations that plausibly suggest that Nazomi is entitled to relief on its claims of indirect infringement (commonly understood as both inducement of infringement and contributory infringement) and willful infringement. It fails even to supply a formulaic recitation of the elements of those claims.

For example, induced infringement requires proof of a defendant's knowledge of the patent, defendant's intent to cause infringement by a third party, and direct infringement by the third party. But Nazomi fails to allege any facts related to any of these necessary elements. Nazomi's claims to contributory infringement and willfulness are likewise wholly deficient for failing to allege any facts related to these claims. Instead, the claims are merely an insufficient "the defendant unlawfully harmed me" accusation. Accordingly, Nazomi's claims of inducement, contributory, and willful infringement all fail to state a claim upon which relief can be granted and should be dismissed.

## II. STATEMENT OF RELEVANT FACTS

The extent of Nazomi's factual assertions specific to Garmin are that it sells a personal navigation device, the nüvi 205, that "incorporates an ARM926J processor core [that is] capable of Java hardware acceleration." Complaint, ¶ 27.

The sole basis for Nazomi's claims against Sling is an assertion that Sling's Slingbox Pro-HD product "incorporates an ARM926EJ-S processor core [that is] capable of Java hardware acceleration." Complaint, ¶ 28.

Based on these allegations alone, Nazomi's Count I of the Complaint alleges that the defendants have been and are "directly and indirectly infringing the '362 patent by making, using, selling, and/or offering for sale within the United States and this judicial district the products identified in paragraphs 23-30." Complaint, ¶ 32. Count I goes on to allege willful infringement by stating, "Upon information and belief, Defendants have willfully engaged in their infringing conduct." Complaint, ¶ 33. Count II of the Complaint alleges the same causes of action with respect to the U.S. Patent No. 7,225,436. Complaint, ¶¶ 36-37.

Similarly, the Prayer for Relief begs the Court to conclusorily find that the "Defendants have each knowingly and willfully infringed and are each presently infringing, directly and indirectly, United States Patent Nos. 7,080,362 and 7,225,436." Complaint, p. 7.

## III. LEGAL STANDARD FOR MOTION TO DISMISS

A claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief," and a claim should be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2) and 12(b)(6). The Supreme Court significantly tightened the pleading standard in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, cited above. In *Twombly*, the Court dismissed an antitrust claim because the plaintiff failed to plead facts that plausibly showed a conspiracy. *Twombly*, 550 U.S. at 569. It held that that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Under this "plausibility standard," "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

In *Iqbal*, the Supreme Court clarified that *Twombly* applies to all civil actions [129 S.Ct. at 1953] and identified a two part test in determining the sufficiency of a complaint. First, the court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Second, the court should consider the factual allegations. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief," and thus does not meet the Rule 8's requirements to show that the pleader is entitled to relief. *Id.* (internal quotes removed). *See also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").

### IV. NAZOMI'S COMPLAINT FAILS TO ALLEGE ANY FACTS PLAUSIBLY SUGGESTING CLAIMS FOR INDIRECT INFRINGEMENT AND WILLFULNESS UNDER *IQBAL* AND *TWOMBLY*

Nazomi's complaint conclusorily alleges "indirect infringement." Complaint, ¶¶ 32, 36. While there is no statutory cause of action for "indirect infringement," it is generally understood to refer to both inducement of infringement under 35 U.S.C. §

271(b) and contributory infringement under § 271(c).  *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).

### A. Nazomi's Claim of Inducement of Infringement Should be Dismissed

"Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *see DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part).  Proof that the alleged inducing party has induced direct infringement by a third party is an absolute pre-requisite to an indirect inducement claim. *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1374 (Fed. Cir. 2003).  Moreover, "[i]ntent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice." *Vita-Mix Corp.*, 581 F.3d at 1328.

Nazomi's pleading is utterly devoid of any facts bearing on the elements of inducement.  The complaint never alleges that either Garmin or Sling knew of the patents in suit, much less describes when or how they allegedly obtained that knowledge.  It fails to identify any third party who directly infringes the patents.  It never even attempts to allege facts tending to show – let alone *plausibly show* -- that Garmin or Sling intended that a third party infringe either of the asserted patents.  Nazomi's complaint is so barren of any factual allegations related to inducement it can only be described as "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

In *Elan Microelectronics Corp v. Apple, Inc.*, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009), the court held that Apple's similarly conclusory counterclaims failed the first part of *Iqbal's* test.  The counterclaims alleged that "on information and belief[,] Elan has been and is currently, directly and/or indirectly infringing, in violation of 35 U.S.C. § 271, the specified patents through its design, marketing,

manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." *Id.* at *2 (internal quotes omitted). The court held that "this pleading plainly falls within the prohibition against threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (internal quotes removed). As *Elan* shows, simply alleging the sale of a product, with nothing more, fails to state a claim for inducement.

Numerous courts have agreed. *See Halton v. Streivor*, 2010 WL 2077203, *2 (N.D. Cal., May 21, 2010) (granting motion to dismiss claims of inducing infringement where no third party was identified as the direct infringer and no facts related to a specific intent to encourage another's infringement was mentioned); *Sharafabadi v. University of Idaho*, 2009 WL 4432367 at *5 (W.D. Wash. Nov. 27, 2009) (the complaint "does not allege, for instance, any facts concerning either how PNW induced or contributed to another party's direct infringement of the '186 patent or PNW's knowledge."); *In re Bill of Lading Transmission and Processing System Patent Litigation*, 695 F. Supp. 2d 680, 685 (S.D. Ohio 2010) (selling scanner does not plausibly support allegation of intent to perform all steps of method patent); *Mallinckrodt, Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (failure to allege facts regarding knowledge of the patent, intent to induce, or any actual inducement).[1]

Nazomi may try to argue that intent need not be alleged, since that intent can be pled generally under Rule 9(b). However, Rule 9(b) does not alleviate Rule 8's requirement to plead facts supporting a plausible claim that Garmin and Sling intended to infringe. "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard [of fraud]. It does not give him license to evade the less rigid-though still operative-strictures of Rule 8." *Iqbal*, 129 S.Ct. at

---

[1] *See also Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 2010 WL 2354411, * 5 (E.D.Cal., June 9, 2010); *Koninklijke Philips Electronics N.V. v. The ADS Group*, 694 F. Supp. 2d 246, 253 (S.D.N.Y. 2010) and *Enlink Geoenergy Services v. Jackson & Sons Drilling*, 2010 WL 1221861, *2 (N.D. Cal. March 24, 2010).

MEMO RE: MOT. TO DISMISS CLAIMS FOR INDIRECT AND WILLFUL INFRINGEMENT         - 6 -
CASE NO. SA CV10-00151 DOC (RNBX)

townsend.

Case 8:10-cv-00151-DOC-RNB   Document 156   Filed 08/23/10   Page 7 of 10   Page ID #:1527

1954. In other words, "Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id*. Accordingly, Nazomi must plead a factual basis for its allegation that Garmin and Sling intended to infringe its patents, or else the claim of induced infringement must be dismissed.

### B. Nazomi's Claim of Contributory Infringement Should be Dismissed

Nazomi's complaint with respect to contributory infringement is equally deficient. Under 35 U.S.C. § 271(c), contributory infringement is established if the alleged infringer sells:

> a component of a patented [device] ... constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

Liability for contributory infringement requires "a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

Here, Nazomi's claim for contributory infringement fails for at least the same reasons that its inducement claim fails: Nazomi has failed to identify any facts related to Garmin's or Sling's alleged knowledge of its patents, or to how Garmin and Sling obtained such knowledge. *See Mallinckrodt*, 670 F. Supp. 2d at 355 ("Plaintiff's complaint fails to sufficiently plead that Defendants had knowledge of the '434 patent, and accordingly, the Court finds that Plaintiffs have also failed to state a claim for contributory infringement."). Nazomi's complaint similarly fails to identify any component of a Garmin or Sling product that constitutes a material part of the invention, and also fails to allege any fact bearing on its suitability for substantial non-infringing use. Accordingly, Nazomi's claim for contributory infringement must also be dismissed.

MEMO RE: MOT. TO DISMISS CLAIMS FOR INDIRECT AND WILLFUL INFRINGEMENT  - 7 -
CASE NO. SA CV10-00151 DOC (RNBX)

townsend.

### C. Nazomi's Claims of Willful Infringement Should be Dismissed

The Federal Circuit recently held that to prove willfulness, a patentee must show by clear and convincing evidence that the infringer acted despite a "high likelihood that its actions constituted infringement of a valid patent," and that this high risk of infringement was "either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech.*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). However, Nazomi has failed to alleged any factual basis tending to show a high likelihood of infringement. Similarly, once again, Nazomi's complaint fails to allege the requisite state of mind on the part of Garmin and Sling, i.e., that Garmin and Sling either knew or should have known of the risk of infringement.

## V. FORM 18 FAILS TO SAVE NAZOMI'S FACTUALLY DEFICIENT PLEADINGS

### A. Since the *Iqbal* Decision, Courts Have Decided that Form 18 is Irrelevant to Claims of Indirect Infringement

Some confusion has arisen due to the seeming contradiction between the level of pleading required by *Twombly* and *Iqbal* on the one hand, and by Civil Form 18 in the appendix to the Federal Rules on the other. Form 18 is an outline for pleading direct infringement, and it states that the following is sufficient: 1) an allegation of jurisdiction; 2) a statement that plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that plaintiff has given defendant notice of its infringement; and 5) a demand for an injunction and damages. *See Mallinckrodt*, 670 F.Supp.2d at 353. Moreover, Rule 84 requires a court to accept as sufficient any pleading made in conformance with the forms. *Elan*, 2009 WL 2972374 at *2.

Although courts are concluding that compliance with Form 18 is proper for a direct infringement pleading, they are also holding that Form 18 is not relevant to a claim of indirect infringement. "Form 18, however, only provides an example of how direct patent infringement may be alleged." *Id.* at * 2. "Both types of indirect infringement include additional elements, none of which Form 18 even purports to

address." *Id.* "In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*." *Id. Accord Sharafabadi*, 2009 WL 4432367 at *5, n. 7 (citing *Elan*); *Mallinckrodt*, 670 F. Supp. 2d at 353-354 (citing Form 18 in finding direct infringement claim sufficient, citing *Iqbal* standards in dismissing indirect).

Moreover, as to patent claims of which Form 18 is silent, the Federal Circuit itself has indicated that it will apply the standard of *Twombly/Iqbal*. It recently stated that "Form 18 is a sample pleading for patent infringement, but is not tailored to design patents and was last updated before the Supreme Court's *Iqbal* decision." *Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 2009 WL 3172724, *2, n.2 (Fed. Cir. Oct. 6, 2009) (non-precedential). It dismissed the plaintiff's claim of design patent infringement by citing the "plausibility standard" of *Iqbal*, and not Form 18: "Here, Colida's infringement claims were <u>facially implausible</u> and provided the district court with no basis on which to reasonably infer that an ordinary observer would confuse the pleaded patented designs with the accused Nokia 6061 phone." *Id.* at *2 (emphasis added). Because Form 18 is likewise "not tailored" to claims of indirect infringement or willful infringement, Garmin and Sling submit that the Court should follow the Federal Circuit's guidance and not reference Form 18 when determining the sufficiency of a claim for indirect infringement or willful infringement.

## VI. CONCLUSION

Nazomi has filed a complaint that is improper under the requirements of *Iqbal*. It has failed to allege a single fact related to any of inducement of infringement, contributory infringement, or willful infringement. Such a pleading obviously fails to present sufficient facts tending to show that Nazomi's claim for relief is plausible under those causes of action. Form 18 cannot save the deficiency, because it only relates to claims of direct infringement. Garmin and Sling therefore respectfully

request that the Court dismiss all of Nazomi's claims to indirect infringement and willful infringement.

DATED: August 23, 2010

Respectfully submitted,

TOWNSEND and TOWNSEND and CREW LLP

By: /Roger Cook/
Roger L. Cook
Iris Sockel Mitrakos
Russell C. Petersen

Attorneys for Garmin Corporation, Garmin International, Inc., and Garmin USA, Inc.

Dated: August 23, 2010

RACHEL KREVANS
CHARLES S. BARQUIST
SCOTT C. MOORE
MORRISON & FOERSTER LLP

By: /s/ Scott C. Moore
Scott C. Moore

Attorneys for Defendant Sling Media, Inc.

62844457 v1